UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROXANN PETERSON,

        Petitioner,

v.                                        Case No. 5:05-cv-429-Oc-10GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

        Respondent.

_____

## ORDER OF DISMISSAL

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition stems from Petitioner's 2004 fraud conviction for which she received a sentence of three years' imprisonment followed by 20 years' probation. On December 2, 2005, after the Petition was filed, Petitioner's sentence was reduced to 13.4 months' imprisonment, two years' community control, and 20 years' probation, and she was released from prison on that date. See Pet. Resp. Exh. A. Petitioner's only claim is that the Florida Department of Corrections incorrectly determined her gaintime credits under F.S.A. § 944.275(4)(b)(3). The Respondents have filed a Response and Motion to Dismiss (Doc. 7) asserting that the Petition is moot, that Petitioner has not raised a federal constitutional issue, and that Petitioner failed to exhaust her state remedies before filing the Petition. Although Petitioner was provided with an opportunity to respond to the Response, she has not done so. See Doc. 3.

For the reasons stated by the Respondents in the Response and Motion (Doc.

7), Petitioner does not raise an issue of Constitutional error and therefore her claims are not cognizable under § 2254.[1] The Petition makes no reference to any violation of Petitioner's rights under the Constitution. Petitioner challenges only the Department's application of Florida statutes to her record. Because it is not the province of this Court to "reexamine state-court determinations on state-law questions,"[2] Petitioner's claim is not cognizable on federal habeas review and is due to be dismissed. Because Petitioner's claim is any event not cognizable, it is unnecessary to address whether the Petition should also be dismissed as moot and for failure to exhaust state-court remedies.

## Conclusion

For the reasons set forth in this Order, the Respondent's Motion to Dismiss (Doc. 7) is **GRANTED** and the Petition is **DISMISSED**. The clerk is directed to enter judgment dismissing this case, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 24th day of February 2006.

*[signature]*
UNITED STATES DISTRICT JUDGE

c: Roxann Peterson
   Counsel of Record

---

[1] See 28 U.S.C. § 2254(a); Coleman v. Thompson, 501 U.S. 722, 730 (1991).

[2] Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).